In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Title to Real Property in the County of Delaware for the CITY OF NEW YORK, Appellant. CELIA ARENSON, Doing Business as MURRAY'S HOTEL, et al., Respondents.

Third Department, April 10, 1963.

*Leo A. Larkin, Corporation Counsel* (*Francis T. Murray, Seymour B. Quel* and *Theodore R. Lee* of counsel), for appellant.

*Herman E. Gottfried* for Celia Arenson and others, respondents.

*Francis R. Paternoster* for Wallace M. Wynkoop, respondent.

*Per Curiam.* The awards were made by the commission pursuant to section K41–44.0 of the New York City Administrative Code, which as applicable to this case reads in part: "The owner of any real estate, not taken, * * * or of any established business * * * directly or indirectly decreased in value * * * shall have a right to damages for such decrease in value * * * provided, however, that in the case of an established business, the recovery * * * shall not include any business that may have resulted by reason of the execution of any plans for such water supply."

There are some facts applicable to all of these claims. The businesses themselves were not taken, the claims being premised on financial loss resulting from people being dispossessed and moving away due to the dam project. During the period for which damages are claimed there was a considerable influx of people employed in the construction project. In all of the claims there was no showing of the business income of the various claimants prior to the period for which damages are claimed.

The controlling issue in the first two claims is whether the businesses were *established* within the meaning of the section.

NO. 1. CLAIM OF WALLACE M. WYNKOOP, DOING BUSINESS AS WYNKOOP PHARMACY.

This claimant opened his drugstore in 1947 at which time he knew the City of New York was going to construct the reservoir and had appropriated land for that purpose. In 1949 he moved to a new location. The proof to substantiate a loss of profits consisted of a submitted list of 121 families who allegedly were customers of the drugstore and most of whom moved at the time of the actual starting of the dam construction.

In *Matter of Huie* (*White*) (13 A D 2d 596) a claim for a partial loss of an extension of an established business commenced after the appropriation of the land for purposes of the City of New York Water System, we stated at page 597: "It is difficult to perceive how, under any circumstances, a business may be established within the intent of the section when it is known that

it was just a question of time before the property acquired would be actually converted to the intended use.''

This claimant had knowledge when he opened his business that the land in the immediate locale, and where some of his customers lived, had been appropriated by the city and eventually would be converted to its intended use. Under such circumstances, the claimant is not entitled to damages and the claim should be dismissed.

NO. 2. CLAIM OF CELIA ARENSON, DOING BUSINESS AS MURRAY'S HOTEL.

This property is located in Margaretville, New York, and was operated as a hotel, restaurant and bar. The same manner of proof (list of lost customers) was the basis for this claim. The hotel had been in the family of the claimant for some 40 years and was acquired by her from her brother in July, 1951. An assignment of her brother's interest in the business was filed August 20, 1957. This claimant, testifying as to the purchase of the business, stated: '' Well, I was told the actual worth was $40,000 but since I bought it from the family I paid $25,000.'' While we are unable to find any basis on which to predicate an award for $5,900 for this business loss, we prefer to dismiss the claim on the authority of *Matter of Huie* (*White*) (*supra*). It may be argued that this was an established business; but when a new owner purchases such a business with knowledge of the proposed city development, he assumes the inherent risk that may be attached thereto. While this condemnation act is liberally drawn in favor of the person whose property is taken or directly affected, we conclude that as to alleged business losses resulting from the establishment of a new business or the purchase of an established business with knowledge, such as here, the rule in *White* (*supra*) is fair and equitable to all concerned and should prevail. Accordingly, not only is there a failure of proof as to damages but the *White* rule governs and this claim should be dismissed.

NO. 3. CLAIM OF MAX KASS, DOING BUSINESS AS KASS INN.

This property consisted of a main hotel and several cottages. The business loss is based upon the decline of the gross bar receipts and the loss of banquets. There is no proof as to net bar receipts nor is there evidence of any bar receipts prior to 1949. We are mindful of the fact that during the period in question there was an influx of people working on the dam project. To substantiate his claim, a list of 34 former customers was used, some 24 of whom moved away. From the record we

note that the largest total gross in 1947 was $36,533.74, the smallest in 1950 was $26,941.70 and the last year, 1954, was $31,396.09. We have difficulty in attributing these variations in the figures to some 34 customers. We also take cognizance of the testimony in the record that the total net profit derived from the business in 1949 was $13,077.51; in 1954, $24,565.62 and that the average for the six years in question was $18,922.21. In our opinion, such evidence does not warrant or justify a naked award by the commission of $16,300 for business losses, but to the contrary we are convinced that the present record does not justify the award of any monetary damages. We would dismiss this claim but the city requests remittance and accordingly, we reverse the award and remit for a determination not inconsistent with this opinion.

4. CLAIM OF DR. E. OGDEN BUSH, DENTIST.

This claimant has practiced his profession in Walton, New York, since 1920. He estimated a 35% loss of patients as a result of the acquisition of land for the dam project, based upon a submitted list of 122 names supposedly from the reservoir area. He was awarded $16,150. The proof established that most of the people on the submitted list did not live in the reservoir area and the people who did were still patients of the doctor. There was little difference in his income during the stated period and while in 1952 his net was less, it is interesting to note that his gross for that year was in excess of the comparable figure in 1949. The record fails to support the award as made by the commission and accordingly, we reverse and remit, as the relief asked by the city in this claim is the same as in Kass.

The order insofar as appealed from should be modified by reversing the awards and dismissing the claims of Wallace M. Wynkoop and Celia Arenson and by reversing and remitting the awards to Max Kass and Dr. E. Ogden Bush and as so modified, affirmed.

BERGAN, P. J., COON, HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order, insofar as appealed from, modified by reversing on the law and the facts the awards and dismissing the claims of Wallace M. Wynkoop and Celia Arenson and by reversing the awards to Max Kass and Dr. E. Ogden Bush and remitting them to Special Term for proceedings not inconsistent with the opinion, and, as so modified, affirmed, without costs.